**BABCOCK SWINE, INC., Plaintiff,**

v.

**SHELBCO, INC., et al., Defendant.**

### Civ. A. No. C–3–85–749.

United States District Court, S.D. Ohio, W.D. at Dayton.

June 5, 1989.

William J. Brown, Joseph S. Streb, Columbus, Ohio, for plaintiff.

Duke W. Thomas, David R. Petrel, of counsel, Columbus, Ohio, for defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

MICHAEL R. MERZ, United States Magistrate.

This case is before the Court upon Plaintiff's Motion to Compel (Doc. # 194).

As originally filed, the motion sought to compel additional answers to interrogatories and responses to a document request. Despite reference in the body of the Motion to an attached document request, none was attached. In their Memorandum Contra, Defendants asserted that the document request issue had been resolved and Plaintiff did not treat the matter in its Reply. The Court accordingly will not address the document request issue.

■ The remaining issues deal with interrogatories. In Interrogatory No. 8, Plaintiff asked "Have you considered purchasing any swine facilities since the purchase of the Slaughter, Ky. facility?" This elicited an affirmative response, which made Interrogatory No. 9 applicable. That interrogatory asked which such facilities Shelbco was interested in purchasing and Shelbco responded "Shelbco was not interested in purchasing any facility."

Defendant's explanation of this apparent surface ambiguity in its responses is that considering a facility and having an interest in purchasing it are two different things. The Court agrees that the interrogatories as asked are reasonably amenable to that interpretation. Anyone reading the interrogatory would easily guess that that was not what Plaintiff meant, but responders to interrogatories are not required to guess. It is a simple matter to use the same predicate in the two interrogatories.

Nor has Defendant violated any rule requiring that it attribute the common meaning to words in interrogatories, at least in the absence of a stipulative definition. *Roesberg v. Johns–Manville Corp.*, 85 F.R. D. 292 (E.D.Pa.1980). In common parlance to "consider" something and to be "interested" in it are different in meaning.

Accordingly, Plaintiff's motion to compel a different answer to Interrogatory No. 9 directed to Shelbco and Interrogatory No. 13 to Defendant A.J. DeCoster is DENIED.

Plaintiff's Interrogatory No. 12 to Shelbco and Shelbco's response are as follows:

No. 12. Specifically describe any and all plans, programs, methods, or procedures for the alleged elimination of Babcock blood from each swine farm in which you have an interest.

Answer: Objection. Interrogatory calls for a narrative response which is inappropriate for this form of discovery. See *Penn Central Transportation Co. v. Armco Steel Corp.*, 27 Ohio Misc. 76 [271 N.E.2d 877] (Montgomery Co. C.P. 1971).

■ *Penn Central* was written by the Honorable Robert L. McBride of the Montgomery County Common Pleas Court in 1971. Judge McBride had been a member of the Ohio Supreme Court's Civil Rules Advisory Committee which had adapted the federal rules of civil procedure for Ohio practice and obtained their adoption just the previous year.

Judge McBride had strong opinions about which sorts of discovery were proper for eliciting what sorts of information. He

opined that interrogatories should be in the same form as questions at trial, framed so as to elicit categorical answers, and that they should be "a preliminary step in discovery and ... not a substitute for the comprehensive form of questioning provided by deposition." *Id.* 271 N.E.2d at 878. He specifically held "A direction or command to another part to set forth a picture or history with particulars or a narrative of events by words or drawings is not an interrogatory." *Id.* 271 N.E.2d at 879.

With all respect to Judge McBride's opinion, this Court does not believe that the *Penn Central* decision accurately reflects federal discovery law. Moreover, its adoption by this Court would unwisely constrict available discovery methods.

As a formal matter, of course, *Penn Central* is an opinion on Ohio procedural law and not binding on this Court; even in diversity cases, federal district courts are appropriately governed in procedural matters, as distinct from substantive matters, by federal law. Compare *Sibbach v. Wilson & Co.*, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941) with *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The function of interrogatories under Fed.R.Civ.P. 33 is broadly the same as any other discovery method. Wright & Miller, *Federal Practice and Procedure*, § 2163. The fact that a part has a choice between using interrogatories and depositions does not bar the use of interrogatories. *Id.,* § 2169. Nothing in the Federal Rules of Civil Procedure prescribes any specific form for interrogatories "so long as the interrogatory gives the other party a reasonably clear indication of the information to be included in its answer." *Id.* at § 2168.

The Court believes the developed federal practice as described by Wright and Miller is appropriate. There is no need to insist rigidly *a priori* that interrogatories cannot be commands or seek narrative or other expansive detail. Particularly when an opponent seeks a *party's* position on a matter, interrogatories may be better suited than a series of depositions. Courts retain ample discretion to prevent the use of inappropriate interrogatories in particular instances without needing to control the form in advance.

▮ The particular interrogatories in issue here are perfectly appropriate discovery in this case. Defendants have been insisting for some time that they have a plan for eliminating the Babcock genetics from their various swine herds. The challenged interrogatories ask in a straightforward yet relatively comprehensive way for a description of those plans.

Similarly, Shelbco's objections to Interrogatories No. 27 and 28 are not well taken. Although the Court has not been furnished with specific references, these appear to be interrogatories directed at contentions made by Shelbco in its Counterclaim. Contentions are particularly appropriate matter for examination in interrogatories.

Defendants' objections to Interrogatories No. 12, 27, and 28 directed to Shelbco and Interrogatory No. 15 directed to A.J. DeCoster are overruled and said Defendants are ordered to answer said interrogatories fully in writing and under oath not later than June 15, 1989.

Plaintiff's motion for sanctions appears to be well taken and Plaintiff may submit an itemization of its reasonable expenses, including attorney fees, incurred in obtaining this Order, limited to that portion of the motion which was granted.